# 300023959

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 3 2026

CLERK, U.S. DISTRICT COURT
By **JJF**
Deputy

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| Melvin Alexander Cruz Aquino | ) |
| | ) |
| | ) |
| | ) |
| _Petitioner_ | ) |
| v. | ) Case No. **8 - 2 6 CV 1 5 3 9 - L** |
| Warden, Prairieland Detention Center | ) _(Supplied by Clerk of Court)_ |
| | ) |
| | ) |
| _Respondent_ | ) |

_(name of warden or authorized person having custody of petitioner)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:   Melvin Alexander Cruz Aquino

    (b) Other names you have used:   None

2.  Place of confinement:

    (a) Name of institution:   Prairieland Detention Center

    (b) Address:   1209 Sunflower Lane, Alvarado, TX 76009

    (c) Your identification number:   A# 220 946 508

3.  Are you currently being held on orders by:

    ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

        (a) Name and location of court that sentenced you:

        (b) Docket number of criminal case:

        (c) Date of sentencing:

    ☑ Being held on an immigration charge

    ☐ Other _(explain)_:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:

    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

☑ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other (explain):

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:    U.S. Immigration and Customs Enforcement (ICE) Prairieland Detention Center, Alvarado, Texas

(b) Docket number, case number, or opinion number:    A# 220 946 508

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
Ongoing immigration detention, denial of due process, unconstitutional detention conditions, inadequate medical and mental-health care, and risk of retaliatory transfer or removal.

(d) Date of the decision or action:    01/31/2026

### Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not appeal:    Administrative remedies are inadequate and ineffective because Petitioner is suffering ongoing irreparable harm, worsening mental-health conditions, and risk of transfer or removal before meaningful review can occur.

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal:  Further administrative appeals would be futile and unable to provide timely relief from ongoing unconstitutional detention and irreparable harm.

_____

9.      **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes           ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal:    Petitioner seeks immediate federal habeas relief because continued detention and threatened transfer or removal create urgent constitutional concerns.

10.     **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes           ☑ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes               ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❒ Yes          ❒ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:     Petitioner is not challenging a criminal conviction or sentence. He is challengin unlawful civil immigration detention under 28 U.S.C. § 2241.

_____

_____

_____

_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑ Yes          ❒ No

If "Yes," provide:

(a)  Date you were taken into immigration custody:  01/31/2026

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

❒ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Unlawful and Arbitrary Immigration Detention.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner was arrested after voluntarily appearing for a required ICE check-in appointment despite compliance with reporting obligations and lack of dangerousness.

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes          ☑ No

**GROUND TWO:** Denial of Procedural Due Process.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner was detained without a meaningful individualized custody determination and without adequate opportunity to challenge continued detention.

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☑ No

**GROUND THREE:** Punitive and Unconstitutional Conditions of Confinement.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner reports overcrowding, spoiled food, food and water rationing, unsanitary conditions, verbal mistreatment, and denial of adequate medical care.

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**    Deliberate Indifference to Serious Medical and Mental-Health Needs

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner suffers from severe depression and anxiety that have worsened during detention and alleges denial of adequate medical and mental-health treatment.

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☑ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    Administrative remedies were ineffective and inadequate to prevent ongoing constitutional violations, irreparable harm, retaliatory transfer, or removal.

## Request for Relief

15.  State exactly what you want the court to do:  Order Petitioner's immediate release from ICE custody or, alternatively, provide a prompt individualized custody hearing; prohibit retaliatory transfer or removal while this habeas action is pending; and grant any further relief the Court deems proper.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

05/07/2026

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:      05/07/2026                                    Melvin Alexander Cruz Aquino.

*Signature of Petitioner*


*Signature of Attorney or other authorized person, if any*

Page 9 of 9



# REPÚBLICA DE EL SALVADOR

**Pasaporte/Passport**

Tipo/Type: **P**

Código País/Country code: **SLV**

Pasaporte No/Passport No: **A04925914**



Nombres/Given Names: **MELVIN ALEXANDER**

Apellidos/Surname: **CRUZ AQUINO**

Nacionalidad/Nationality: **Salvadoreña**

Fecha de Nacimiento/Date of Birth: **15 Feb / Feb 1993**

Sexo/Sex: **M**

Lugar de nacimiento/Place of birth: **LA PAZ**

**EL SALVADOR(SLV)**

Fecha expedición/Date of issue: **7 Jul / Jul 2021**

Número de Libreta/Booklet Number: **D4707902**

Fecha de expiración/Date of expiry: **7 Jul / Jul 2027**

Autoridad emisora/Issuing authority: **(DGME) Oficina Central**



```
P<SLVCRUZ<AQUINO<<MELVIN<ALEXANDER<<<<<<<<<<<
A049259148SLV9302154M2707071D4707902<<<<<60
```

Case 3:26-cv-01649-B-BK    Document 3    Filed 05/20/26    Page 10 of 34    PageID 13

# DALLAS COUNTY



| STATE OF TEXAS | | | CERTIFICATE OF BIRTH | | BIRTH NUMBER | | |
|---|---|---|---|---|---|---|---|
| 1. Child's Name  First  Middle  Last  Suffix | | | | | 2. Date of Birth (mm/dd/yyyy) | 3. Sex | |
| JACKELIN  ALESSANDRA  CRUZ PORTILLO | | | | | 01/23/2024 | FEMALE | |
| 4a. Place of Birth - County | 4b. City or Town (If outside city limits, give precinct no.) | | 5. Time Of Birth | | 5a. Plurality - Single, Twin, Triplet, etc. | 6b. If Plural Birth, Born 1st, 2nd, 3rd, etc. | |
| DALLAS | MESQUITE | | 08:00 AM | | SINGLE | | |
| 7a. Place Of Birth ☐ Clinic/Doctor's Office ☐ Licensed Birthing Center ☒ Hospital ☐ Home Birth ☐ Other (Specify) | | | 7b. Name of Hospital or Birthing Center, NPI (If Not Institution, Give Street Address) DALLAS REGIONAL MEDICAL CENTER - GALLOWAY CAMPUS | | | | |
| 8a. Attendant's Name, NPI, and Mailing Address MADUKA ODOGWU 1011 NORTH GALLOWAY AVE MESQUITE, TEXAS 75149 | | | 9a. Certifier - I certify that this child was born alive at the place and time and on the date as stated LASHANDA JENKINS                                    01/24/2024 Signature and Title                                      Date Signed | | | | |
| 8b. ☒ MD ☐ DO ☐ CNM ☐ Midwife ☐ Other (Specify) | | | 9b. ☐ Attendant ☐ Facility Administrator / Designee ☒ Other (Specify): BIRTH REGISTER | | | | |
| 10. Mother's Name Prior to First Marriage  First  Middle  Last  Suffix | | | | | 11. Date of Birth (mm/dd/yyyy) | 12. Birthplace (State, Territory or Foreign Country) | |
| KARLA  YAQUELIN  PORTILLO ORTIZ | | | | | 09/25/1996 | EL SALVADOR | |
| 13a. Residence - State | 13b. County | | 13c. City, Town or Location | | 13d. Street Address or Rural Location | | |
| TEXAS | DALLAS | | DALLAS | | 10405 ANDOVER DR | | |
| 13e. Zip Code | 13X. Inside City Limits ☒ Yes ☐ No | 14. Mailing Address | ☒ Same As Residence, or (If Same As Residence, Enter Zip Code Only) | | | | |
| 75228 | | 75228 | | | | | |
| 15. Father's Name Prior to First Marriage  First  Middle  Last  Suffix | | | | | 16. Date of Birth (mm/dd/yyyy) | 17. Birthplace (State, Territory or Foreign Country) | |
| MELVIN  ALEXANDER  CRUZ AQUINO | | | | | 02/15/1993 | EL SALVADOR | |
| 18a. Local File Number | 18b. Date Received By Local Registrar | | 18c. Signature of Local Registrar | | | | |
| 01000440 | 01/25/2024 | | | | | | |

VS-111.3   REV. 01/05 WARNING: THE PENALTY FOR KNOWINGLY MAKING A FALSE STATEMENT IN THIS FORM CAN BE 2-10 YEARS IN PRISON AND A FINE OF UP TO $5,000.                020144

This is a true and correct copy of the record as registered in the State of Texas. Issued under the authority of Section 191.051, Health and Safety Code.

ISSUED   FEB 2 3 2024



John F. Warren



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**HOUSTON - S. GESSNER ROAD IMMIGRATION COURT**

Respondent Name:

CRUZ AQUINO, MELVIN ALEXANDER

To:

Suarez, Adolph Martin
P.O. Box 73587
Houston, TX 77273

A-Number:
220-946-508
Riders:
220-946-510 CRUZ PORTILLO, GABRIEL ALEXADRO
220-946-509 PORTILLO ORTIZ, KARLA YAQUELIN
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
05/09/2025

☐ Unable to forward - no address provided.

☑ Attached is a copy of the **decision of the Immigration Judge.** This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

Board of Immigration Appeals
Office of the Clerk
P.O. Box 8530
Falls Church, VA 22041

☐ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252B(c)(3) in deportation proceedings or section 240(b)(5)(c), 8 U.S.C. § 1229a(b)(5)(c) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

Immigration Court

☐ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available. However, you may file a petition for review within 30 days with the appropriate Circuit Court of Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA § 242.

☐ Attached is a copy of the decision of the immigration judge relating to a **Credible Fear Review.** This is a final order. No appeal is available.

☐ Other:

Date:

Immigration Judge: David M. Paxton 05/09/2025

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : CRUZ AQUINO, MELVIN ALEXANDER | A-Number : 220-946-508

Riders:

220-946-510   CRUZ PORTILLO, GABRIEL ALEXADRO
220-946-509   PORTILLO ORTIZ, KARLA YAQUELIN

Date: 05/12/2025 By: NELSON, TIFFANY, Court Staff



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**HOUSTON - S. GESSNER ROAD IMMIGRATION**
**COURT**

Respondent Name:

    CRUZ AQUINO, MELVIN ALEXANDER

To:

    Suarez, Adolph Martin
    P.O. Box 73587
    Houston, TX 77273

A-Number:
220-946-508
Riders:
220-946-510 CRUZ PORTILLO, GABRIEL ALEXADRO
220-946-509 PORTILLO ORTIZ, KARLA YAQUELIN
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
05/09/2025

### ORDER OF THE IMMIGRATION JUDGE

☑ This is a summary of the oral decision entered on 05/08/2025. The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☐ Both parties waived the issuance of a formal oral decision in this proceeding.

#### I.    Removability

The immigration court found Respondent ☑ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act): 212(a)(6)(A)(i)

The immigration court found Respondent ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

#### II.    Applications for Relief

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture

    ☑ Asylum was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☑ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☑ Withholding of Removal under the Convention Against Torture was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☐ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

O                    O

☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B.  Cancellation of Removal

☐ Cancellation of Removal for Lawful Permanent Residents under INA § 240A(a) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Special Rule Cancellation of Removal under INA § 240A(b)(2) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

C.  Waiver

☐ A waiver under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

D.  Adjustment of Status

☐ Adjustment of Status under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

E.  Other

III.    **Voluntary Departure**

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ granted, and Respondent is ordered to depart by _____ . The respondent must post a $ bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set ☐ the presumptive civil monetary penalty amount of $3,000.00 USD

☐   $ USD instead of the presumptive amount.

If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of 10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of nonimmigrant status. *Id.* If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses to depart from the United States pursuant to the order of removal, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

IV.    **Removal**

☑   Respondent was ordered removed to EL SALVADOR

☐   In the alternative, Respondent was ordered removed to

☑   Respondent was advised of the penalties for failure to depart pursuant to the removal order:

> If Respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

V.    **Other**

☐ Proceedings were ☐ dismissed ☐ terminated with prejudice ☐ terminated without prejudice ☐ administratively closed.

☐ Respondent's status was rescinded under INA § 246.

☐ Other:

Immigration Judge: David M. Paxton 05/09/2025

Appeal:    Department of Homeland Security: ☐ waived ☑ reserved
           Respondent:                      ☐ waived ☑ reserved
Appeal Due: 06/09/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : CRUZ AQUINO, MELVIN ALEXANDER | A-Number : 220-946-508

Riders:
220-946-510   CRUZ PORTILLO, GABRIEL ALEXADRO
220-946-509   PORTILLO ORTIZ, KARLA YAQUELIN
Date: 05/12/2025 By: NELSON, TIFFANY, Court Staff

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
HOUSTON IMMIGRATION COURT

LEAD FILE: 220-946-508
IN REMOVAL PROCEEDINGS
DATE: Sep 18, 2023

TO: The Suarez Law Firm, P.L.L.C.
    Suarez, Adolph Martin
    P.O. Box 73587
    Houston, TX  77273


RE: 220-946-508 CRUZ AQUINO, MELVIN ALEXANDER
    220-946-509 PORTILLO ORTIZ, KARLA YAQUELIN
    220-946-510 CRUZ PORTILLO, GABRIEL ALEXADRO

### Notice of In-Person Hearing

Your case has been scheduled for a INDIVIDUAL hearing before the immigration
court on:



Date:          May 8, 2025
Time:          10:30 A.M.
Court Address: 8701 S. GESSNER RD, 10TH FLOOR
               10TH FLOOR, COURTROOM # 4, HOUSTON, TX 77074

**Representation:** You may be represented in these proceedings, at no
expense to the Government, by an attorney or other representative
of your choice who is authorized and qualified to represent persons
before an immigration court. If you are represented, your attorney
or representative must also appear at your hearing and be ready
to proceed with your case.  Enclosed and online at
https://www.justice.gov/eoir/list-pro-bono-legal-service-providers
is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the
Department of Homeland Security establishes by clear, unequivocal, and
convincing evidence that written notice of your hearing was provided and
that you are removable, you will be ordered removed from the United
States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including
hearing notices, to you based on the most recent contact information
you have provided, and your immigration proceedings can go forward in
your absence if you do not appear before the court.  If your contact
information is missing or is incorrect on the Notice to Appear, you must
provide the immigration court with your updated contact information within
five days of receipt of that notice so you do not miss important information.
Each time your address, telephone number, or email address changes,
you must inform the immigration court within five days.  To update your contact
information with the immigration court, you must complete a Form EOIR-33
either online at https://respondentaccess.eoir.justice.gov/en/ or by
completing the enclosed paper form and mailing it to the immigration

court listed above.

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call 1-800-898-7180 (toll-free) or 304-625-2050.

The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.

---

**CERTIFICATE OF SERVICE**

THIS DOCUMENT WAS SERVED BY:MAIL[M]   PERSONAL SERVICE[P]   ELECTRONIC SERVICE[E]
TO:  [  ] Noncitizen ] [   ] Noncitizen c/o Custodial Officer |
     [E] Noncitizen ATT/REP | [E] DHS
DATE:  __9/18/23_____     BY:  COURT STAFF ___TN_____
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH



Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.

Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਆਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਬੋਝ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পাজেরে কোড সৃক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন।

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

**U.S. DEPARTMENT OF HOMELAND SECURITY**       **Warrant for Arrest of Alien**

File No. ___220 946 508___

Date: ___10/29/2021___

To:    Any immigration officer authorized pursuant to sections 236 and 287 of the
       Immigration and Nationality Act and part 287 of title 8, Code of Federal
       Regulations, to serve warrants of arrest for immigration violations

I have determined that there is probable cause to believe that ___CRUZ AQUINO, MELVIN___
is removable from the United States. This determination is based upon:

☑ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☑ biometric confirmation of the subject's identity and a records check of federal
databases that affirmatively indicate, by themselves or in addition to other reliable
information, that the subject either lacks immigration status or notwithstanding such status
is removable under U.S. immigration law; and/or

☑ statements made voluntarily by the subject to an immigration officer and/or other
reliable evidence that affirmatively indicate the subject either lacks immigration status or
notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the
Immigration and Nationality Act, the above-named alien.

_____
(Signature of Authorized Immigration Officer)

**B3645 SHELTON - SDDO**
_____
(Printed Name and Title of Authorized Immigration Officer)

---

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at ___Dallas, TX___
(Location)

on ___CRUZ AQUINO, MELVIN___ on ___October 29, 2021___, and the contents of this
(Name of Alien)            (Date of Service)

notice were read to him or her in the ___SPANISH___ language.
(Language)

J. 4755 PARTIDA
Deportation Officer
_____       _____
Name and Signature of Officer            Name or Number of Interpreter (if applicable)

Form I-200 (Rev 09/16)

DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: CRUZ AQUINO, MELVIN ALEXANDER

A-File Number: 220 946 508

Date: 10/29/2021

Event ID: DAL2210002482

Subject ID: 373346148

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

☐ Detained by the Department of Homeland Security.

☒ Released (check all that apply):

☐ Under bond in the amount of $ _____

☒ On your own recognizance.

☐ Under other conditions. [Additional document(s) will be provided.]

SHELTON, B3645
_____
Name and Signature of Authorized Officer

10/29/2021 08:44 AM
_____
Date and Time of Custody Determination

SDDO
_____
Title

8101 N. Stemmons Frwy    Dallas, TX US 75247
_____
Office Location/Address

You may request a review of this custody determination by an immigration judge.

☒ I acknowledge receipt of this notification, and

☐ I do request an immigration judge review of this custody determination.

☒ I do not request an immigration judge review of this custody determination.

_____
Signature of Alien

10-29-2021
_____
Date

The contents of this notice were read to CRUZ AQUINO, MELVIN ALEXANDER in the SPANISH language.
(Name of Alien)    (Name of Language)

PARTIDA, J. 4115
_____
Name and Signature of Officer

_____
Name or Number of Interpreter (if applicable)

Deportation Officer
_____
Title

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF RELEASE ON RECOGNIZANCE
### (ADDENDUM)

File No.: 220 946 508

Name: CRUZ AQUINO, MELVIN ALEXANDER

Date: October 29, 2021

[X] That you do not associate with known gang members, criminal associates, or be associated with any such activity.

[ ] That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Release on Recognizance.

[ ] That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

[ ] That you continue to follow any prescribed doctor's orders whether medical or psychological including taking prescribed medication.

[X] That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X] That you provide ICE with written responses from the Embassy or Consulate regarding your request.

[X] Any violation of the above conditions will result in revocation of your employment authorization document.

[X] Any violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted.

[ ] Other:

X _____
(Signature of Alien)

ICE Form I-220A (10/20)

Page 3 of 4

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF RELEASE ON RECOGNIZANCE

File No.: 220 946 508

Name: CRUZ AQUINO, MELVIN ALEXANDER

Date: October 29, 2021

You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

☒ You must report for any hearing or interview as directed by Immigration and Customs Enforcement or the Executive Office for Immigration Review.

☒ You must surrender for removal from the United States if so ordered.

☒ You must report in (writing) (person) to Duty officer at ___126 Northpoint Drive___ on _04/13/2022 09:00_ as directed. · _Houston, TX 77060_

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

☒ You must not change your place of residence without first securing written permission from the officer listed above.

☒ You must not violate any local, State or Federal laws or ordinances.

☒ You must assist Immigration and Customs Enforcement in obtaining any necessary travel documents.

☒ Other: *Your release is contingent upon your enrollment and successful participation in an Alternatives to Detention (ATD) program as designated by the U.S. Department of Homeland Security. As part of the ATD program, you will be subject to electronic monitoring and may be subject to a curfew. Failure to comply with the requirements of the ATD program will result in a redetermination of your release conditions or your arrest and detention.*

*If fitted with a U.S. Immigration and Customs Enforcement GPS tracking ankle bracelet, do not tamper with or remove the device. Under federal law, it is a crime to willfully damage or attempt to damage property of the United States. Damaging or attempting to damage the GPS tracking ankle bracelet or any of its associated equipment (including, but not limited to, the charging station, batteries, power cords, etc.) may result in your arrest, detention, and prosecution under 18 U.S.C. § 1361 and/or 18 U.S.C. § 641, each punishable by a fine, up to ten years imprisonment, or both.*

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by Immigration and Customs Enforcement.

SHELTON, B3645
(Name and Title of ICE Official)

---

**Alien's Acknowledgement of Conditions of Release under an Order of Recognizance**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the ___Spanish___ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

(Signature of ICE Official Serving Order)                    (Signature of Alien)

10/29/2021
Date

I hereby cancel this order of release because:

☐ The alien failed to comply with the conditions of release.    ☐ The alien was taken into custody for removal.

(Signature of ICE Official Cancelling Order)                    Date

ICE Form I-220A (10/20)                                        Page 1 of 4

**Privacy Act Statement**

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

DHS Form I-862 (2/20)                                                                                    Page 3 of 3

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF RELEASE ON RECOGNIZANCE
## (OUT-PROCESSING CHECKLIST)

### Sex Offenders

☐ Probation/Parole Officer Notified

☐ Registered as sex-offender as required by state statute within 7 days

☐ Victim/Witness Coordinator Notified

☐ Victim/Witness Notified

☐ Written Proof of Counseling

### Substance Abusers

☐ Probation/Parole Officer Notified

☐ Written Proof of Counseling

### All Aliens

☐ Probation/Parole Officer Notified

☐ Obtain address where living and telephone number

☐ Enter into IDENT     FINS#:  1311463436

☐ NCIC Check

☐ Travel Document Application

☐ Other: _____

| Completed By | | |
|---|---|---|
| Deportation Officer. PARTIDA, J. 4755 | | Date 10/29/2021 |

| Concurrence By | | |
|---|---|---|
| Supervisory Detention and Deportation Officer SHELTON, B3645 | | Date 10/29/2021 |

DEPARTMENT OF HOMELAND SECURITY

**NOTICE TO APPEAR**

DOB: 02/15/1993

Event No: DAL2210002482

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 373346148            FINS: 1311463436            File No: 220 946 508

In the Matter of:

Respondent: MELVIN ALEXANDER CRUZ AQUINO _____ currently residing at:

6525 Hillcroft St. Apt 704, HOUSTON, TEXAS, 77081                (832) 319-4162

(Number, street, city, state and ZIP code)                (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of El Salvador and a citizen of El Salvador;

3. You entered the United States at or near Rio Grande City, TX, on or about August 3, 2021;

4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

1801 SMITH STREET 9TH FLOOR Houston TX 77002, EOIR Houston, TX

(Complete Address of Immigration Court including Room Number, if any)

on ____To be set.____ at ____To be set.____ to show why you should not be removed from the United States based on the

(Date)                (Time)

charge(s) set forth above.                B3645 SHELTON - SDDO

(Signature and Title of Issuing Officer) (Sign in ink)

Date:   October 29, 2021                Dallas, TX

(City and State)

DHS Form I-862 (2/20)                Page 1 of 3

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled

Before _____

_____
(Signature of Respondent) (Sign in ink)

_____        Date: _____
(Signature and Title of Immigration Officer) (Sign in ink)

---

**Certificate of Service**

This Notice To Appear was served on the respondent by me on  October 29, 2021  , in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person     [ ] by certified mail, returned receipt # _____ requested     [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the   Spanish   language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____        J. 4755 PARTIDA - Deportation Officer
(Signature of Respondent if Personally Served) (Sign in ink)        (Signature and Title of officer) (Sign in ink)

---

DHS Form I-862 (2/20)                                                                    Page 2 of 3

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF RELEASE ON RECOGNIZANCE
## (CONTINUATION PAGE)

| Alien Name | | | Picture | Right Index Print |
|---|---|---|---|---|
| CRUZ AQUINO, MELVIN ALEXANDER | | | | |
| File Number | | Date | | |
| 220 946 508 | | October 29, 2021 | | |
| Alien's Signature | | | | |
| | | | | |
| Alien's Telephone Number (if any) | | | | |
| 8323194162 | | | | |
| Alien's Address | | | | |
| 6525 Hillcroft St. | | | | |
| HOUSTON         TEXAS            77081 | | | | |

### PERSONAL REPORT RECORD

| Date | Officer | Comment/Changes |
|---|---|---|
| | | Reported As Required |
| | *July 28, 2022* | Officer Initials _____  Next Report Date 7/21/2023 |
| Reported As Required | | |
| Officer Initials _____ C2 | | |
| Next report date _____ July 25, 2024 (Dallas) | | |

| Signature | | Title |
|---|---|---|
| PARTIDA, U. 4755 | | Deportation Officer |



**UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS**

## Payment Receipt

A payment has been processed for the following Board of Immigration Appeals (BIA) case. Please contact the BIA Clerk's Office for questions regarding this payment at (703) 605-1007.

You must include a copy of this receipt in the appeal or motion package you are filing with the BIA Clerk's Office. Failure to include a receipt showing proof of payment will result in rejection of the appeal or motion.

A-Number:    220-946-508

Payment Tracking ID:  27OAB68C

Payment Processed On:  5/22/2025 5:16:30 PM EST

Filing Type:  Appeal (Form EOIR-26)

Payment Type:  ACH

Payment Amount:  $110.00

Save or print your receipt immediately. You will not receive a copy of your receipt via email. The tracking ID is required to retrieve a duplicate receipt.

**LETTER OF RECOMMENDATION**
(In Support of a Petition for Writ of Habeas Corpus)

Date: April 11, 2026

TO WHOM IT MAY CONCERN / TO THE HONORABLE COURT:

I, Julio Cesar Valdez Rodriguez, being of legal age, residing at 2602 Woodsdale Blvd Houston TX, 77038, telephone number (832) 659-6462 and email address jv6092189@gmail.com, respectfully submit this letter of recommendation in support of the following detained individual:

Full Name of Detainee: Melvin Alexander Cruz Aquino

A-Number (Alien Registration Number): 220946508

Nationality: El Salvador

Current Detention Facility (if known): Prairieland Detention Center PDC

I have known Melvin Alexander Cruz Aquino for approximately 5 years and 8 months in my capacity as family friend.

Throughout the time I have known him, I can truthfully state that he is a person of good moral character, respectful of the law, hardworking, and deeply committed to his family and community. I have never witnessed any behavior that would suggest violence, dangerous conduct, or that he poses any threat to public safety.

Melvin Alexander Cruz Aquino has consistently demonstrated responsibility, ethical values, and exemplary conduct. He/she contributes positively to those around him/her and deserves the opportunity to continue his/her legal proceedings while released from custody, in the company of his/her family.

I further believe that his continued detention causes unnecessary emotional and family hardship, and that he does not present a flight risk nor a danger to the community. For these reasons, I respectfully support his request for legal relief and ask that this letter be taken into consideration in connection with the pending Petition for Writ of Habeas Corpus.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Signature: 

Printed Name: Julio Cesar Valdez Rodriguez

Relationship to Detainee: family friend

Address: 2602 Woodsdale Blvd

City, State, Zip Code: Houston, Texas, 77038

Telephone Number: (832) 659-6462

Email Address: jv6092189@gmail.com

**LETTER OF RECOMMENDATION**

(In Support of a Petition for Writ of Habeas Corpus)

Date: April 11, 2026

TO WHOM IT MAY CONCERN / TO THE HONORABLE COURT:

I, Yesenia Valdez, being of legal age, residing at 2315 Mustang Rd TRLR 70 Alvin TX, 77511, telephone number (346) 775-4748, and email address yeseniavaldez82@yahoo.com, respectfully submit this letter of recommendation in support of the following detained individual:

Full Name of Detainee: Melvin Alexander Cruz Aquino

A-Number (Alien Registration Number): 220946508

Nationality: El Salvador

Current Detention Facility (if known): Prairieland Detention Center PDC

I have known Melvin Alexander Cruz Aquino for approximately 5 years and 8 months in my capacity as family friend.

Throughout the time I have known him, I can truthfully state that he is a person of good moral character, respectful of the law, hardworking, and deeply committed to his family and community. I have never witnessed any behavior that would suggest violence, dangerous conduct, or that he poses any threat to public safety.

Melvin Alexander Cruz Aquino has consistently demonstrated responsibility, ethical values, and exemplary conduct. He/she contributes positively to those around him/her and deserves the opportunity to continue his/her legal proceedings while released from custody, in the company of his/her family.

I further believe that his continued detention causes unnecessary emotional and family hardship, and that he does not present a flight risk nor a danger to the community. For these reasons, I respectfully support his request for legal relief and ask that this letter be taken into consideration in connection with the pending Petition for Writ of Habeas Corpus.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Signature:

Printed Name: Yesenia Valdez

Relationship to Detainee: family friend

Address: 2315 Mustang Rd trlr 70

City, State, Zip Code: Alvin, TX. 77511

Telephone Number: (346) 775-4748

Email Address: yeseniavaldez82@yahoo.com

