IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MELVIN ALEXANDER CRUZ AQUINO**, | § | |
| A# 220946508, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL CASE NO. **3:26-CV-1539-L-BK** |
| | § | |
| **WARDEN PRAIRIELAND DETENTION** | § | |
| **CENTER**, | § | |
| Respondent. | § | |

## <u>ORDER</u>

Before the court are *pro se* Petitioner Melvin Alexander Cruz Aquino's ("Petitioner") Emergency Motions for Temporary Restraining Orders, for Stay of Removal, and for Immediate Release or at Minimum Prompt Individualized Custody Hearing ("Motions") (Docs. 4, 6, 7), filed on May 13, 2026. Upon careful review of the Motions, pleadings, the record, and the applicable law, the court determines that the Motions should be and are hereby **denied**. The court further determines that certain nonhabeas claims included in Petitioner's original and supplemental habeas Petitions must be **severed**.

## I.   Background

Petitioner is an alien detainee in the custody of United States Immigration and Customs Enforcement ("ICE"). He alleges that he was detained on January 31, 2026, and his removal proceeding is pending. Online research confirms that Petitioner was ordered removed and an appeal is pending with the Board of Immigration Appeals. Petitioner then filed this *pro se* habeas corpus action challenging his detention. Doc. 3. In his original and supplemental Petitions, he also seeks his immediate release because of allegedly substandard, punitive conditions of confinement,

verbal mistreatment, deliberate indifference to his medical and mental health needs, and impairment of his right of access to the courts. Doc. 3 at 6; Doc. 4 at 5-6.

**II.     Motions for Temporary Restraining Order and for Immediate Release**

A temporary restraining order preserves the status quo at the time the lawsuit is filed and prevents irreparable harm to the movant so that a court can "render a meaningful decision after a trial on the merits." *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To warrant the extraordinary relief of a temporary restraining order, the movant must show:

> (1) A likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.

*Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

Preliminary relief should not "conclusively resolve legal disputes[,]" and thus a temporary restraining order is not an appropriate vehicle for granting ultimate relief. *Lackie v. Stinnie*, 604 U.S. 192, 200 (2025). For this reason, a court cannot enter a preliminary injunction or temporary restraining order for purposes of rendering ultimate relief sought in a habeas petition in the form of releasing a detainee. *See*, *e.g.*, *Torres Perez v. Warden of Prairieland Det. Ctr.*, No. 3:26-CV-858-E-BK, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026).

Here, Petitioner does not seek to maintain the status quo pending resolution of his habeas Petition. He, instead, seeks immediate release from confinement—the ultimate relief sought in his habeas Petition—although a temporary restraining order is not an appropriate vehicle for granting such ultimate relief. Moreover, Petitioner's Motion for immediate release or a bond hearing requests the same relief sought in his habeas Petition.  Specifically, his arguments support focus

Order – Page 2

on the harms of mandatory detention without a bond while his immigration proceedings are ongoing. Accordingly, the court **denies** Petitioner's Motions for a Temporary Restraining Order and for Immediate Release or a bond hearing (Docs. 4, 6).

### III.    Motion to Stay Removal

The court lacks jurisdiction to address Petitioner's request to stay the removal order pending adjudication of his habeas corpus petition. The Fifth Circuit recently reiterated that "[a] request for stay of removal is a challenge to a removal order" and, as such, the district court lacked jurisdiction to grant such a request. *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citation omitted). The court in *Imran* explained that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Id.* (citing *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999); and 8 U.S.C. § 1252(g) (internal quotations omitted)).

Here, Petitioner's request for a stay is connected "directly and immediately" with the Attorney General's decision to execute his removal order. The court is thus without jurisdiction to grant his request for stay of removal.  *See Fabuluje v. Immigr. and Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (concluding that district court lacked jurisdiction to consider a request to stay removal proceedings connected to habeas petition); *Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (same). Petitioner's Motion to Stay Removal (Doc. 7) is, therefore, **denied**.

### IV.    Civil Rights Claims

Finally, Petitioner's complaints about verbal harassment, the conditions of his confinement, deliberate indifference to his medical and mental health needs, and denial of access

to the courts are not the proper subject of a habeas corpus petition and should instead be pursued through a civil rights lawsuit. The Fifth Circuit has held that the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. *Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976). Accordingly, when a prisoner challenges the conditions of his confinement, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *see also Poree v. Collins*, 866 F.3d 235, 243-44 (5th Cir. 2017) (summarizing general Fifth Circuit principles and noting circuit split as to whether conditions of confinement claims can be brought in habeas petitions). Based on this precedent, the Fifth Circuit recently found no jurisdiction in the habeas context to consider claims stemming from adverse conditions of confinement brought about by the COVID-19 Pandemic. *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021). In so holding, the court reiterated that "the Great Writ does not, in [the Fifth] Circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Id.*

Petitioner's claims regarding alleged harassment, poor conditions of confinement, health issues, and access to the courts are unrelated to the cause or duration of his immigration detention. In other words, his allegations, even if true, would not necessarily entitle him to earlier or speedier release. Thus, Petitioner's complaints are more appropriately addressed in a civil-rights action. *See Chick v. Facility Admn. Prairieland Det. Ctr.*, No. 3:26-CV-1285-K-BT (N.D. Tex. Apr. 23, 2026) (finding alien detainee's request for injunctive relief related to inadequate medical treatment was not cognizable in a habeas corpus petition).

Considering Petitioner's *pro se* status, the court liberally **construes** his original and supplemental Petitions (Docs. 3, 4) to raise civil rights claims and **severs** them from this action.

Order – Page 4

*See Nubine v. Thaler,* 395 F. App'x 109, 110 (5th Cir. 2010) (per curiam) (citing *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998)).

**V.      Conclusion**

For the reasons explained, Petitioner's Motions are **denied** (Docs. 4, 6, 7).  In ruling on his Motions, the court expresses no opinion regarding the habeas relief sought by him in his original and supplemental Petitions. His remaining requests for habeas relief will be decided during the normal course of this case, which is referred to the magistrate judge.

Further, the court **severs** from this action the claims in Petitioner's original and supplemental Petitions regarding his conditions of confinement, verbal harassment, health issues, and access to the courts, as the court liberally construes such claims are civil rights claims, not habeas claims.  (Docs. 3, 4).  The clerk of the court **shall**: (1) open a new civil rights action for the severed matter (NOS code 555) against the Warden of the Prairieland Detention Center; (2) file a copy of the original and supplemental Petitions and this order in the new action; and (3) randomly assign the severed case to a district judge and magistrate judge. All future filings related to the severed matter must be filed in the new case.

**It is so ordered** this 20th day of May, 2026.

Sam A. Lindsay
United States District Judge